**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-50338
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM COURTNEY CONTEE,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 7:06-CR-151-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having been granted an out-of-time appeal, William Contee challenges the
sentence he received following his guilty-plea conviction for conspiracy to dis-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

tribute and to possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. Specifically, Contee argues that the district court erred in determining the amount of drugs attributable to him for sentencing purposes and in ordering, as a special condition of supervised release, that he reside only with a blood relative or spouse to whom he is legally married. He additionally contends that trial counsel was ineffective in failing to file a timely notice of appeal, to object to the drug quantity attributed to him, and to object to his enhanced sentence.

As the government contends, the appeal is barred by the waiver-of-appeal provision in the plea agreement, which waiver was knowing, voluntary, and enforceable. *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994); FED. R. CRIM. P. 11(b)-(1)(N). Although Contee reserved the right to raise claims of ineffective assistance, he did so via a 28 U.S.C. § 2255 motion only. The waiver thus bars consideration of the ineffective-assistance claims in this direct appeal.

Moreover, to the extent that Contee renews his claim that counsel was ineffective in failing to perfect a direct appeal, he has already been afforded relief on that ground, rendering the claim moot, which fact he concedes. The two remaining ineffective assistance claims, even if not barred by the waiver, would not be considered, because they are not sufficiently developed on the record, which Contee also concedes. *See United States v. Gulley*, 526 F.3d 809, 821-22 (5th Cir.), *cert. denied,* 129 S. Ct. 159 (2008).

In sum, Contee's claims are either barred by the waiver, moot, or not yet ripe for review. He concedes as much. Thus, the instant appeal is without arguable merit and is frivolous and accordingly is DISMISSED. *See* 5TH CIR. R. 42.2.